## Mifflinville Bridge.

*Equity—Road law—Railroads—Grade crossing—Act of June 7, 1901, P. L. 531.*

A bill in equity to regulate the crossing of a highway over a railroad is properly brought, where it appears that there are several distinct parties all necessary to the litigation, whose rights, duties and obligations are not clearly defined. While such a bill is pending, a party defendant therein has no standing to file a petition under the Act of June 7, 1901, P. L. 531, to regulate the crossing.

Argued April 12, 1904. Appeal, No. 269, Jan. T., 1903, by defendant, from order of C. P. Columbia Co., permitting and regulating a grade crossing in matter of Mifflinville Bridge. Before MITCHELL, C. J., DEAN, FELL, MESTREZAT and POTTER, JJ. Reversed.

Petition to regulate a crossing of a highway over a railroad under Act of June 7, 1901, P. L. 531. See Pennsylvania R. R. Co. v. Bogert, post, p. 589.

*Error assigned* was the order permitting and regulating the crossing.

*H. M. Hinckley*, with him *L. E. Waller*, for appellant.

*Fred Ikeler*, of *Ikeler & Ikeler*, with him *T. J. Vanderslice*, for appellees.

OPINION BY JUSTICE DEAN, October 10, 1904:

This appeal is a decree in an issue in the common pleas, on the law side of the court, involving substantially the same facts and law as those on which the issue turned in No. 270, January term, 1903, in equity. Our opinion on the law and facts is the same in this case as that in which we have handed down opinion this day reversing the decree of the court below.

So far as the record shows, this petition to the common pleas was wholly useless. It was presented in the court below the 19th of September, 1903, while there was then pending on the equity side of the court a bill by the railroad company raising precisely the same questions, filed a month before, which had been served on the supervisors, these appellees.

The inconvenience of the statutory remedy when the rights of so many parties were affected, the difficulty of determining the exact extent of those rights on a petition to the common pleas, moved us to suggest that the appellant adopt the "more plastic and convenient remedy of a bill in equity." It adopted our suggestion, filed its bill and respondents made answer, did not demur. Jurisdiction in equity then attached. We are clearly of the opinion now, after a review of the whole case, that our suggestion in view of all the circumstances was a proper one, and this second proceeding at law merely burdened the issue with useless litigation, and that the petition should have been dismissed. The decree of the court below is reversed and petition dismissed at costs of appellees.